803 F.2d 714
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
VIRGINIA AGRICULTURAL GROWERS ASSOCIATION, INC., Appellee,
and
Virginia Carolina Agricultural Producers Association, Inc., Plaintiff,
v.
SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, Appellee,
and
Sherman Paulk and Deborah Paulk, Appellants.
VIRGINIA AGRICULTURAL GROWERS ASSOCIATION, INC., Appellant,
and
Virginia Carolina Agricultural Producers Association, Inc.;
Frederick County Fruit Growers Association; Washington
County Gruit Growers Association; Valley Growers
Cooperative, Inc.; Mid-Hudson Growers Cooperative, Inc.;
Northwest Growers Cooperative, Inc.; Niagara Orchards; K &
W Farms; Gunnison Lakeshore Orchards; Forrence Orchards,
Inc.; Northern Orchard Co., Inc.; Sullivan Orchards;
Orchardale Fruit Farm; Al Gioia & Sons; Lamont Fruit Farm,
Lake Ontario Fruit Sales, Inc., Apple Acres, Plaintiffs,
v.
Raymond J. DONOVAN, Secretary of Labor; United States
Department of Labor, Defendants,
and
Sherman Paulk and Deborah Paulk, Appellees,
and
Cedrick Turner; Vincent Clark; Gene R. Reeder, Defendants.
 Nos. 85-1793, 85-1922.
 United States Court of Appeals, Fourth Circuit.
 Argued April 10, 1986.
Decided Oct. 9, 1986.
 
 Robert J. Willis, Farmworkers Legal Services of North Carolina, for appellants/cross-appellees.
 Mark Stern, Civil Division, U.S. Department of Justice, and Albert D. Misler (Richard K. Willard, Assistant Attorney General; John P. Alderman, United States Attorney; Michael Kimmel, U.S. Department of Justice; S. Steven Karalekas; Thomas E. Wilson; Karalekas, McCahill, Wilson & Iovino, on brief) for appellees/cross-appellants.
 W.D.Va.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal arises from an action filed by two migrant farmworkers, Sherman and Debra Paulk, in which the Paulks sought declaratory, monetary, and injunctive relief from the Virginia Agricultural Growers Association, Inc. (VAGA) and the United States Department of Labor (DOL). The Paulks appeal from a number of adverse rulings by the district court. VAGA appeals from the district court's denial of VAGA's motion for attorneys' fees and costs. We affirm.
 
 
 2
 In essence, the Paulks alleged that VAGA provided advance transportation expenses to Mexican workers but refused to provide similar transportation expenses to the Paulks, in violation of 20 C.F.R. Sec. 655.202(a) (1986). The Paulks also alleged that the DOL was aware of this violation and refused to take any enforcement action pursuant to 20 C.F.R. Sec. 550.210(a) (1986) as a result of the violation. The enforcement action provided for by Sec. 655.210(a) is to deny certification in the coming year. Consequently, the Paulks filed several claims against both VAGA and DOL.[1]
 
 
 3
 The first two claims were against DOL and its Regional Administrator, William Haltigan. In their first claim, the Paulks alleged that the prevailing practice of the tobacco industry in the South Boston, Virginia area was to provide advance transportation costs to qualified workers. They further alleged that DOL accepted clearance orders for interstate circulation in the nationwide employment system for the following two years that did not provide for transportation advances to U.S. workers on the same terms as those commonly provided to foreign migrant workers. Thus, the Paulks alleged that the DOL's arbitrary and capricious acceptance of these orders irreparably injured them as individuals who had applied for employment through the nationwide employment system.
 
 
 4
 In their second claim, the Paulks alleged that DOL had acted arbitrarily and capriciously under 20 C.F.R. Sec. 655.210(a) by: (1) failing to deny VAGA its labor certification eligibility in 1984 and 1985; (2) failing to condition VAGA's eligibility for labor certification on VAGA's promise to offer U.S. workers transportation advances similar to those that VAGA allegedly offered to foreign migrant workers; and (3) failing to impose any remedial sanctions against VAGA for violation of 20 C.F.R. Sec. 655.202(a) with respect to transportation advances. The Paulks sought declaratory and injunctive relief with regard to these two claims.
 
 
 5
 In their third claim, the Paulks alleged that VAGA had violated the Wagner-Peyser Act, 29 U.S.C. Secs. 49, et seq., 20 C.F.R. Secs. 653.501(d) & (e), and 20 C.F.R. Sec. 655.202(a), by refusing to offer U.S. migrant workers the transportation advances that it allegedly offered to Mexican migrant workers. The Paulks sought monetary relief in this claim.
 
 
 6
 Relying on Heckler v. Chaney, 53 U.S.L.W. 4385 (U.S. Mar. 20, 1985), the district court held that the claims the Paulks had brought against DOL were not reviewable as final agency action pursuant to the APA because DOL's decision not to impose sanctions against VAGA for its alleged violations of 20 C.F.R. Sec. 655.202(a) was an enforcement decision which, under Chaney, is presumptively not reviewable under 5 U.S.C. Sec. 701(a)(2) as an agency action committed to agency discretion by law. As to the Paulks' third claim, without ruling on the legitimacy of their legal theory, the district court held that the Paulks had failed to prove that VAGA had provided transportation expenses to Mexican workers as alleged, which the district court correctly considered to be a factual prerequisite to recovery under their Wagner-Peyser Act claim. The district court, therefore, dismissed the Paulks first two claims, and granted VAGA judgment on the third. In the same order, the district court denied the Paulks' motion for admission nunc pro tunc of certain documentary evidence concerning various other violations that VAGA had allegedly made with regard to the working conditions of its workers.
 
 
 7
 Finally, after the district court issued its final order in the case, VAGA moved for attorneys' fees and costs under the Legal Services Act, 42 U.S.C. Sec. 2996e(f). Although sympathetic to the tremendous cost and burden that VAGA had incurred in the defense of these claims, claims which the district court had previously characterized as bordering dangerously close to an abuse of the judicial process, the district court could not conclude that the Paulks had pursued the litigation in bad faith for the sole purpose of harassment, as required by 42 U.S.C. Sec. 2996e(f). Consequently, the district court denied VAGA's motion.
 
 
 8
 This appeal followed. The Paulks appeal from the district court's dismissal of their claims against DOL, from the grant of judgment against them on their Wagner-Peyser Act claim, and from the district court's denial of their motion to admit certain documentary evidence. VAGA appeals from the district court's denial of their motion for attorneys' fees and costs. We affirm the district court's judgment in its entirety.
 
 
 9
 With regard to the Paulks' contentions concerning the propriety of the district court's dismissal of the Paulks' claims against DOL, we conclude that the district court properly considered these claims to be unreviewable under the APA. The Supreme Court has stated in Chaney that an administrative agency's decision not to take enforcement action, such as the decision at issue in this case,[2] is presumptively unreviewable under 5 U.S.C. Sec. 701(a)(2) because such decisions are traditionally committed wholly to the agency's discretion, but that the presumption may be rebutted when the substantive statute has provided guidelines for the agency to follow in exercising its enforcement powers. Chaney, at 4388. Thus, unless the Paulks can establish that the statute with which DOL is charged with enforcing, in this case, 8 U.S.C. Secs. 1101(a)(15)(H(ii) and 1184(c) (1982), contains sufficient substantive guidelines for a reviewing court to judge the propriety of the agency's decision not to enforce the statute, DOL's decision not to seek sanctions against VAGA is not reviewable under the APA. We conclude that neither the statute nor its implementing regulations, see 20 C.F.R. Part 665 (1986), contain such substantive guidelines; and we note that Sec. 655.210(a) explicitly uses the term "may" with respect to enforcement. Consequently, we agree with the district court that the Court's decision in Heckler v. Chaney requires the conclusion that DOL's decision not to seek sanctions against VAGA for its alleged violations of 20 C.F.R. Sec. 655.202(a) is an unreviewable agency decision under 5 U.S.C. Sec. 701(a)(2).
 
 
 10
 We also conclude that the district court properly granted summary judgment to VAGA on the Paulks' Wagner-Peyser Act claim. While the failure of plaintiffs' proof effectively disposes of the claim, as the district court noted, even if VAGA did make transportation advances to Mexican workers in 1983, which it did not, VAGA never even offered employment to the Paulks in 1983. Consequently, the Paulks would have suffered no injury as a result of the allegedly improper transportation advances.
 
 
 11
 With regard to the Paulks' contentions concerning the district court's denial of their motion to admit certain documentary evidence nunc pro tunc, we conclude that the district court did not abuse its discretion in the consideration of the relevance of proffered evidence. See United States v. Scholle, 553 F.2d 1109, 1124 (8th Cir.), cert. denied, 434 U.S. 940 (1977). Consequently, we affirm the district court's decision in this regard as well.
 
 
 12
 Finally, with regard to VAGA's cross-appeal, 42 U.S.C. Sec. 2996e(f) requires a court, before awarding fees or costs pursuant to that section, to find that the plaintiff recipient commenced or pursued the action for the sole purpose of harassment of the defendant or that the plaintiff recipient maliciously abused the legal process. The district court, which was much closer to the trial of, and circumstances surrounding, this case than are we, refused to so find. We decline to second guess the district court in this regard and consequently we affirm this final aspect of the district court's judgment.
 
 
 13
 Accordingly, the judgment of the district court is
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 The Paulks filed these claims as defendant-intervenors in an action then pending in the U.S. District Court for the Western District of Virginia between VAGA and DOL
 
 
 [2]
 Contrary to the Paulks' contentions in this regard, we conclude that DOL's decision not to seek sanctions against VAGA was a discretionary refusal to enforce 20 C.F.R. Sec. 655.210(a) against VAGA for its alleged violations of 20 C.F.R. Sec. 655.202(a) and not a decision with respect to the certification of VAGA under 20 C.F.R. Sec. 655.204. See also Sec. 655.205(a)